IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHERRY DICK, | : | |
| | : | C.A. No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE HARTFORD, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

### Introduction

1. Sherry Dick ("Plaintiff") brings this action against The Hartford Insurance Company for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et. Seq. ("ERISA").

2. This complaint challenges the Defendant's unlawful denial of the Plaintiff's short term disability income benefits (STD) despite medical evidence demonstrating Plaintiff's qualifications for said benefits, and thereby depriving Plaintiff of the appropriate short term disability benefits due to her under the Plan.

3. Specifically, Plaintiff is filing this action to recover benefits due under a policy of insurance to enforce the present rights existing therein, to clarify her rights under the terms of the Plan, and to recover costs, and attorney fees as provided by ERISA.

### Jurisdiction

4. This Court has personal and subject matter jurisdiction over this case under 29 U.S.C. §1132(e) and (f), because the defendant's breach of its ERISA obligations took place in this district.

## FACTS

5. The Plaintiff is a resident of the State of Delaware residing in Milford, Delaware.

6. The Plaintiff is a participant in the Plan, an ERISA welfare benefit plan that is administered by The Hartford Insurance Company.

7. The Plaintiff has standing to bring this action under ERISA, 29 U.S.C. §1132 (a).

8. Defendant, the Hartford has its corporate headquarters located at Hartford, Connecticut.

9. Defendant is a for-profit corporation and does business in the State of Delaware deriving revenue from the business it conducts in the State.

10. At all times pertinent, the Plaintiff was working full time at ILC Industries, Inc. where she was covered under the Plan.

11. Plaintiff was employed at ILC Industries, Inc. for 2 1/2 years as Team Assembler.

12. Plaintiff was entitled to short term disability benefits under the Plan.

13. To meet the definition of Total Disability under the Plan, the Plaintiff must not have been able to perform the essential duties of her occupation including assembling and packing hoods and the physical demands associated with these duties including a continuing amount of standing.

14. The Plaintiff's doctor stated that the Plaintiff was restricted from standing as of August 21, 2007, her first day out of work.

15. On August 20, 2007, the Plaintiff was directed by her Doctor stop working due to her being 20 weeks pregnant.

16. On August 21, 2007, Plaintiff's medical provider certified that the Plaintiff had a serious medical condition and that medical leave was necessary from work.

17. The Plaintiff presented a timely claim for STD to the Defendant based on complications related to her pregnancy.

18. The Plaintiff was totally disabled as defined under the Plan.

19. The Plaintiff is entitled to benefits from August 20, 2007 until her postpartum.

20. The Defendant rationalized their denial of benefits stating that there was no evidence of any medical complications or restrictions that would cause the Plaintiff her to be unable to perform the essential duties of her occupation more than two weeks prior to her estimated delivery date.

21. On September 26, 2007, the Plaintiff filed an appeal concerning Defendant's denial of benefits.

22. On October 3, 2007, the Defendant denied Plaintiff's appeal of their decision denying her short-term disability benefits.

23. The Plaintiff demonstrated through medical evidence that she is was totally disabled as defined under the Plan.

24. The Defendant was both the claims administrator and the payor of the benefits, when it denied Plaintiff's STD benefits, obviously a conflict of interest.

25. The Hartford funds the plan, which it administers.

26. The administrator used a self-serving approach by rejecting the overwhelming evidence that supported Plaintiff's claim for benefits.

27. Due to the unlawful actions of the Defendant under ERISA, the Plaintiff was denied STD benefits, which were rightfully hers.

28. The Plaintiff has exhausted all administrative procedures provided by the Defendant.

29. The Defendant breached its fiduciary duty in violation of 29 U.S.C. §1132 in the following ways:

   1) Its consideration of the evidence was self-serving. The Defendant rejected evidence of the Plaintiff's physician and gave more weight to evidence that would favor a refusal of benefits.

   2) The Defendant ignored the Attending Physician's Statement diagnosis of pregnancy, insulin dependent diabetes, and that the Plaintiff cannot stand all day at work and tired easily.

   3) The Defendant ignored that fact that her Physician directed her not to work until post-partum.

30. The Defendant's denial of STD benefits is unlawful under ERISA, under 29 U.S.C. §1132(a)(1).

   **WHEREFORE**, the Plaintiff prays that this Honorable Court grant her the following relief:

a. Declaratory relief that she is entitled to disability benefits in the past with interest;

b. Reasonable attorney fees and costs pursuant to 29 U.S.C. §1132(g);

c. Alternatively, a remand that Defendant consider all of the evidence and how it impacted Plaintiff's ability to work.

d. Such other relief that this Honorable Court deems appropriate.

                    **YOUNG, MALMBERG & HOWARD, P.A.**

                    _____
                    Ronald G. Poliquin, Esquire
                    I.D. No. 4447
                    30 The Green
                    Dover, DE 19901
                    (302) 672-5600
                    *Attorney for Plaintiff*

Dated: July 28, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERRY DICK, :
: 
Plaintiff, :
:
v. : C.A. No.
:
THE HARTFORD : COMPLAINT
: JURY TRIAL DEMANDED
Defendants. :

**AFFIDAVIT OF VERIFICATION**

STATE OF DELAWARE :
: SS
COUNTY OF KENT :

**BE IT REMEMBERED,** that on this 22 day of May 2008, personally came before me, the Subscriber, a Notary Public for the State and County aforesaid, SHERRY DICK known to me personally to be such, who being duly sworn according to law, did depose and say that the foregoing Complaint is true and correct to the best of her knowledge and belief.

_____
SHERRY DICK

SWORN TO AND SUBSCRIBED before me the day and year first above-written.

_____
Notary Public

RONALD G. POLIQUIN
ATTORNEY AT LAW
MEMBER OF THE DELAWARE BAR

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sherry Dick

**DEFENDANTS**
The Hartford

(b) County of Residence of First Listed Plaintiff: **Kent**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **New Castle**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Ronald G. Poliquin, 30 The Green, Dover, DE 19901  302-672-5600

Attorneys (If Known):

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **26 U.S.C. 1001**
Brief description of cause: **Erisa Claim**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7-28-08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____